IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| WILLIAM EDWARD JULIEN, | ) | |
| | ) | CASE NO. BK10-82442 |
| Debtor(s). | ) | A11-8018 |
| U.S. BANK, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM EDWARD JULIEN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 52). Kathryn J. Derr represents the debtor, and Thomas O. Ashby represents U.S. Bank. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

In this adversary proceeding, U.S. Bank and the debtor disagree over the balance due on the debt owed to the bank, in particular whether U.S. Bank is entitled to post-petition interest and attorney fees. The bank claims the debtor currently owes it principal of $893,148.86, a stipulated and agreed amount of $20,000 arising from or on account of certain post-confirmation defaults, accrued interest of $239,581.28 as of May 25, 2016, interest accruing from and after May 25, 2016, at the rate of at least $248.09691 per day (at least 10% per year), plus attorney fees and other legal expense accruing from and after September 16, 2013. For purposes of this motion, the bank is willing to limit the amount of the judgment for its post-petition attorney fees to the stipulated sum of $20,000.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)) (internal marks omitted).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In this case, the debtor has not responded to the motion for summary judgment and therefore has failed to establish the existence of any genuine, triable, factual issues.

Because the debtor has already waived discharge, the only issue in this adversary proceeding is the amount owed to the bank.

U.S. Bank filed an amended proof of claim for an unsecured debt in the amount of $1,502,466.82, based on the debtor's guaranty of loans to Biovance Technologies, Inc., and Catalyst International, Inc. (Claim No. 40). The guarantees encompass the principal amounts of loans made to Biovance and Catalyst, including interest, and any costs, expenses, and fees incurred by the bank in collecting the debt and enforcing the guaranty.

The debtor's third amended plan (Fil. No. 232 in Case No. BK10-82442) provides that U.S. Bank has the following claims:

> USB shall have an allowed claim in the case of William Edward Julien ("Julien"), of $1,482,466.82; an allowed secured claim in the case of Biovance Technologies, Inc. ("BTI") of $428,000; an allowed unsecured claim in BTI's case of $1,057,466.82; and the "Associates-related Claim" described hereinafter. Nothing in this Paragraph reduces USB's rights, if any, to postpetition legal expense, personal property appraiser expense, and other collection costs or expenses if default arises hereafter in obligations to USB per the Plan. As used in the Plan "Debtors" shall mean Julien and BTI. Any duty imposed in this Amendment on Debtors shall be deemed jointly and severally on Julien and BTI.
> . . .
> On USB's $428,000 secured claim: Interest shall accrue at 5.25% per annum, subject to a default interest rate equal to 10% per annum. The first payment shall be made so USB receives it by April 30, 2013, with quarterly payments thereafter due to be received by USB 60 days after the quarter-end (e.g., 60 days after March 31, 2013, 60 days after June 30, 2013, and so on).

> . . .
> Interest shall begin to accrue upon confirmation of the Plan, as concerns US Bank.
> . . .
> Except as expressly modified by the Plan, USB's loan documents shall continue to govern the parties' respective rights and obligations.
> . . .
> Debtors agree that, and shall cause it to occur that, USB shall receive, after noninsider selling costs and a set aside for capital gains tax, 100% of the net sale proceeds from the sale of the WE Julien & Associates ("Associates") real estate. USB's rights to this real estate and/or its proceeds are herein referred to as the "Associates-related Claim." These funds shall not be applied to USB's $428,000 secured debt but shall reduce US Bank's unsecured claims (unsecured in the bankruptcies, in the sense that BTI and Julien do not own the pertinent Associates real estate), applied first to interest.

Ex. E, ¶¶ B, C, J, N (Fil. No. 232-1 in Case No. BK10-82442). That plan was confirmed on July 25, 2012 (Fil. No. 328 in Case No. BK10-82442). The debtor defaulted on his obligations under the plan, and the case was converted to Chapter 7 for cause on November 3, 2014.

According to a U.S. Bank vice-president, the following amounts are still owed after taking into account payments and garnishments that reduced the balance (the last payment was received in April 2015) and the accrual of interest:

> After applying all payments received by Plaintiff since the Plan's confirmation, Defendant owes to Plaintiff principal of $893,148.86, a stipulated and agreed amount of $20,000 arising from or on account of certain post-Confirmation Order defaults by Defendant which $20,000 is an amount less than Plaintiff's attorney fees arising before September 13, 2013, from those defaults, accrued interest of $239,581.28 as of May 25, 2016, interest accruing from and after May 25, 2016; at the rate of at least $248.09691 per day (at least 10% per year), plus attorney fees and other legal expense accruing from and after September 16, 2013 (hereinafter, legal expense after said date is referred to as the "Ongoing Legal Expense"). The above-mentioned $20,000 stipulation and agreement occurred September 13, 2013.

Aff. of Craig Smith, ¶ 5 (Fil. No. 54).

Upon confirmation, a Chapter 11 plan acts as a contract which binds the parties, and the terms of the plan replace prior obligations. *JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 870 (8th Cir. 2008).

In the preliminary pretrial statement, the debtor questioned whether U.S. Bank is entitled to recover attorney fees. The bank now agrees to accept $20,000 for its post-petition attorney fees, for purposes of this motion only, and is willing to waive recovery of its ongoing legal expenses if summary judgment is granted in its favor. It reserves the right to seek legal expenses arising from future events. The debtor has not further challenged the bank on this issue. Generally, a creditor is not precluded from filing an unsecured claim for contractual attorney fees. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007). Therefore, summary judgment will be entered for U.S. Bank.

IT IS ORDERED: U.S. Bank's motion for summary judgment (Fil. No. 52) is granted. Separate judgment will be entered.

DATED: June 30, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Kathryn J. Derr
    *Thomas O. Ashby
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.